# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

─────────────

m 99-30523
Summary Calendar

─────────────

ERNEST J. ARBOUR; TED PACE; JOSEPH GUERIN;
JASON GUIDRY; HARVEY MICHAEL SMITH; and MICHAEL GONZALEZ,

Plaintiffs-Appellants,

VERSUS

LAROUCHE INDUSTRIES, INC.; C.E. BATON ROUGE, INC.,
and FEDERATED ALUMINUM COUNCIL, INC.,

Defendants-Appellees.

─────────────

Appeal from the United States District Court
for the Middle District of Louisiana
(97-CV-1134)

─────────────

November 26, 1999

Before SMITH, BARKSDALE, and
    BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In this "hybrid action" brought pursuant to section 301 of the National Labor Relations Act, union members challenge the termination of their employment that resulted from a transfer and subsequent plant closing. They charge their union with breach of the duty of fair representation. The district court granted the defendants' motion for summary judgment and explained its reasons in a comprehensive and persuasive eighteen-page opinion entered on April 19, 1999. We affirm, essentially for the reasons given by the district court.

Plaintiffs claim the transfer agreement between LaRoche and the union required LaRoche to maintain their employment until the operating agreement ended and that their subsequent employer, C.E. Baton Rouge, Inc. ("C-E"), violated the collective-bargaining agreement by (1) failing to negotiate in good faith, insofar as it did not warn the transferring members at the time of transfer that they contemplated closing the plant; and (2) failing to inform plaintiffs of its intention to close the plant sixty days before the *intention* arose, rather than sixty days before the plant closing would occur. Finally, plaintiffs assert that by ignoring these contract violations, the union violated the duty of fair representation.

The district court dismissed the claim against LaRoche on the ground that the transfer agreement did not, on its face, provide a certain term of employment with LaRoche, but rather simply made arrangements for the employees (the agreement requiring, in whole, merely that the employees should, upon

─────────────

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

termination, be provided for under the various company-benefit "summary plans") should they be terminated at the end of the operating agreement and then become "available" for employment by C-E. Because the transfer occurred more speedily than the operating agreement had anticipated, this eventuality did not arise; the transfer agreement was not triggered, and the plaintiffs found themselves transferred directly from the LaRoche collective-bargaining structure to the C-E structure. The district court thus provided the most straightforward reading of the agreement.

The court also dismissed the claims against C-E, noting, correctly, that C-E's collective-bargaining agreement included no "good-faith bargaining" requirement, so that even if (1) C-E had developed an intention to close the plant when it accepted the transferred members, and (2) such acceptance without warning violated a duty of good faith, C-E had no contractual obligation to act in good faith. Thus, any failure of good-faith bargaining worked a violation of the statute, not the contract, and must therefore have been complained of to the National Labor Relations Board, not the district court.

The district court's analysis is correct here, as well. The court could have bolstered its opinion by noting also that the plaintiffs provided no evidence that C-E actually anticipated closing the plant at the time of the employee transfer, so there is no evidence of a breach of good faith by which to escape summary judgment.

The plaintiffs' second claim against C-E is also devoid of merit. Their suggested reading of the contract would require C-E to give warning of an intention to close a plant sixty days before *developing its first intention* so to act. Such a metaphysical impossibility was probably not in the contemplation of the parties.

Finally, the district court dismissed the charges against the union, because, having found no contractual violations by the employers, it found that the union had not failed fairly to represent the plaintiffs by failing to complain of these non-violations.

AFFIRMED.

2